IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| CLIFTON LEON KING, #174212, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:02cv1082-MEF |
| | ) | (WO) |
| | ) | |
| STEPHEN BULLARD, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.  INTRODUCTION AND PROCEDURAL HISTORY**

This cause is before the court on a 28 U.S.C. § 2254 petition for habeas corpus relief filed by Clifton Leon King ("King"), a state prisoner, on September 24, 2002.  (Doc. No. 1.) In the interests of justice, the court subsequently appointed the Federal Defender to represent King in all further proceedings with respect to this matter.  (Doc. No. 28.)  At the first status conference after appointment of counsel, the court allowed a period of discovery on the mental health issues. The mental health question, questions relating to the missing trial transcript of his criminal trial in state court and another attempt to seek state post-conviction relief continued to occupy King's counsel for some time until May 24, 2006, when he filed an amended petition for habeas corpus relief.  (Doc. No. 59.)  With this background, the court will discuss the procedural history of this case and then why it must be dismissed because King has defaulted on all of the claims he raised in this court.

In his amended petition, King challenges his conviction for attempted murder entered against him by the Circuit Court of Montgomery County, Alabama, on October 7, 1993. The state trial court sentenced King to life imprisonment. King did not file a direct appeal. On March 26, 2002, King filed a state post-conviction petition, pursuant to ALA.R.CRIM.P. 32, in which he asserted the following claims:

1.  Newly discovered facts exist which require his conviction or sentence be vacated by the court. Specifically, he should have been charged with assault because, other than the blood on his clothing and the coerced confession, there was no evidence that he attempted to murder the victim.[1]

2.  His conviction was obtained by a plea of guilty which was unlawfully induced or not made voluntarily with an understanding of the nature of the charge and the consequences of the plea. Specifically, he argues that he testified at trial that he was intoxicated when he gave a statement to the police.[2]

3.  His conviction was obtained by use of a coerced confession. Specifically, "they use the tape to show the Court that I confessed to attempted murder, but never did tell the court that they told me what happen that day and I had been drinking."[3]

4.  His conviction was obtained by a violation of the privilege against self-incrimination. Specifically,

_____

[1] (Doc. No. 71-2, p. 14.)

[2] (Doc. No. 71-2, p. 16.)

[3] (Doc. No. 71-2, p. 17.)

> "the boy who [he was] suspose [*sic*] to tryed to
> kill He stated (Kenneth James Flower) that he
> don't remember me doing anything to him. So,
> they using that tape to say I tryed [*sic*] to kill him
> and the blood on my clothes. Other then that they
> really don't have anything to stick me with."[4]

(Doc. No. 71-2.) The Montgomery County Circuit Court summarily dismissed the state post-

conviction petition. (*Id.*, p. 30.)

Then, on September 24, 2002, King, acting *pro se* filed his § 2254 petition,

challenging the  conviction and sentence in state court.   While his § 2254 petition was

pending in this court, King filed another state court post-conviction petition, pursuant to

ALA.R.CRIM.P. 32, in which he asserted the following claims:

> 1.   Conviction obtained by plea of guilty which was
>      unlawfully induced or not made voluntarily with
>      understanding of the nature of the charge and the
>      consequences of the plea. Specifically, he asserts
>      that he suffered from mental illness before and
>      after trial.[5]
>
> 2.   Conviction obtained by use of coerced confession.
>      Specifically, he asserts that he was intoxicated at
>      the time he gave a statement to law enforcement
>      officials.[6]
>
> 3.   Conviction obtained by use of evidence gained
>      pursuant to an unconstitutional search and seizure.
>      Specifically, he asserts that the State failed to

---

[4] (Doc. No. 71-2, p. 18.)

[5] (Doc. No. 65-2, p. 19 of 57.)

[6] (Doc. No. 65-2, p. 20 of 57.)

provide him notice of its intent to sentence him as a habitual felony offender.[7]

4.      Conviction obtained by a violation of the privilege against self-incrimination. Specifically, he testified that he was intoxicated at the time of his arrest and the court knew that he had mental problems but "still convicted petitioner of that confession."[8]

5.      The court was without jurisdiction to render judgment or impose sentence. Specifically, the court used his juvenile record against him by sentencing him as a habitual felony offender. In addition, the court should have sentenced him to a mental hospital or other medical facility in light of his mental illness.[9]

6.      His sentence exceeded the maximum authorized by law.[10]

7.      Newly discovered facts exist which require the conviction or sentence to be vacated by the court. Specifically, he was convicted as a habitual felony offender.[11]

8.      Petitioner failed to appeal within the prescribed time and that failure was without fault on the petitioner's part. Specifically, he was unable to raise his claims because he suffers from mental

---

[7] (Doc No. 65-2, p. 21-22 of 57.)

[8] (Doc. No. 65-2, p. 23 of 57.)

[9] (Doc. No. 65-2, p. 24 of 57.)

[10] (Doc. No. 65-2, p. 26 of 57.)

[11] (Doc. No. 65-2, p. 27 of 57.)

4

illness.[12]

(Doc. No. 65-2.)

On April 8, 2005, the Montgomery County Circuit court summarily dismissed the Rule 32 petition.  (*Id*., p. 38.)  On April 12, 2005, King filed a motion for leave to amend the state post-conviction petition.  (*Id*., p. 40.)  On April 28, 2005, the state court subsequently granted King's motion for leave to amend, specifically informing King that the Court dismissed the petition on April 8, 2005.  (*Id*., p. 46.)  The state court also gave King permission to "re-file a motion to amend which specifically states the grounds for which an amendment is warranted." (*Id*., p. 46.)  However, on May 24, 2005, the state court denied the "petitioner's second motion for leave to amend Rule 32 petition."  (*Id*., p. 47.)  On that same day, King filed a "notice of appeal of the Montgomery County Circuit Court's Order, entered April 12, 2005, dismissing Mr. King's Rule 32 Petition," which included an appeal of the court's denial of his motion for leave to amend.  (*Id*., p. 48.)  The Alabama Court of Criminal Appeals subsequently dismissed King's appeal as untimely filed.  (Doc. 65-3.)  On March 24, 2006, the Alabama Supreme Court also denied King's petition for writ of certiorari.  (Doc. 65-6.)

On May 24, 2006, now with the assistance of counsel, King filed an amended petition for habeas corpus relief on behalf of King.  (Doc. No. 59.)  In his amended § 2254 petition, King asserts the following claims:

---

[12] (Doc. No. 65-2, p. 28 of 57.)

1.    The Montgomery Circuit Court's finding that King was competent to stand trial for attempted murder in October 1993 violated the Fifth and Fourteenth Amendments to the United States Constitution.

2.    The Montgomery County Circuit Court denied King his right to his trial transcripts in violation of the Fifth and Fourteenth Amendments to the United States Constitution.

3.    The State of Alabama denied King a direct appeal, in violation of the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

4.    The transfer of King's juvenile status to the Circuit Court was improper and resulted in a sentence in violation of the Constitution of the United States of America.

5.    King's trial and appellate counsel were constitutionally ineffective, in violation of the Fifth, Sixth, and Fourteenth Amendments for the following reasons:

    a.    Trial counsel failed to file an appeal. Specifically, trial counsel's failure to file an appeal was unreasonable, prejudicial, and created a conflict of interest.

    b.    Trial counsel failed to properly litigate King's competency to stand trial, his transfer of juvenile status, and his confession to the police.

6.    King's confession was based on an unreliable and invalid confession, in violation of the Fifth, Sixth, and Fourteenth Amendments to the United States

Constitution.

7.     Newly discovered material issues of fact exist
       which require that King's conviction and sentence
       be vacated by this court.

(Doc. No. 59.)

Upon review of the amended § 2254 petition, the answer of the respondents and

King's response to the answer, this court concludes that no evidentiary hearing is required

and that the petition is due to be denied in accordance with the provisions of Rule 8(a), *Rules*

*Governing Section 2254 Cases in United States District Courts*.

## II. DISCUSSION

King's confession claim was raised in his second state post-conviction petition. (Doc.

No. 71-2.) The Montgomery County Circuit Court, however, determined that the confession

claim was procedurally barred pursuant to ALA.R.CRIM.P. 32.2(b) and (c). (Doc. 65-2.) The

federal courts may not review a claim procedurally defaulted under state law if the last state

court to review the claim finds that its judgment rests on a procedural bar.  *See Harris v.*

*Reed*, 489 U.S. 255, 260-61, 263 (1989);  *Hill v. Jones*, 81 F.3d 1015, 1022 (11th Cir.1996).

Therefore, King's confession claim is procedurally defaulted in this court.  King's remaining

claims are also procedurally defaulted as these claims have never been presented to the state

courts.  *See Teague v. Lane*, 489 U.S. 288 (1989); *Bailey v. Nagle*, 172 F.3d 1299, 1303 (11th

Cir. 1999).  King may avoid the procedural bar by demonstrating "cause and actual prejudice

or actual innocence."[13]  *Jones v. U.S.*, 153 F.3d 1305, 1307 (11th Cir. 1998).

First, King asserts that he satisfies the cause and prejudice standard because state officials failed to provide him a copy of his trial transcript.[14]  (Doc. No. 71-1, p. 4.)   King fails to demonstrate that he suffered actual prejudice, however.  *Jones*, *supra*.  Several circuit courts have held that actual prejudice, not merely a possibility of prejudice, is required when determining whether a habeas petitioner may avoid the procedural bar.  *See*, *e.g.*, *Anderson v. Benik*, 471 F.3d 811, 815 (7th Cir. 2006); *U.S. v. Pettigrew*, 346 F.3d 1139 (D.C. Cir. 2003) ("To establish 'actual prejudice,' [the petitioner] 'must shoulder the burden of showing, not merely that the errors . . . created a possibility of prejudice, but that they worked to his actual and substantial disadvantage. . . . (citation omitted).").

The Eleventh Circuit has only infrequently discussed the concept of actual prejudice when determining whether a petitioner may avoid the procedural bar in a federal habeas proceeding.  In *Hollis v. Davis*, 941 F.2d 1471, 1480 (11th Cir. 1991), the Court addressed whether a petitioner had demonstrated that counsel's errors established sufficient cause for

---

[13] In his response, King extensively argues that all of his claims should be considered because the exhaustion requirement is satisfied.  (Doc. No. 71-1, pp. 2-8.)  King appears to confuse the concept of exhaustion with the doctrine of procedural default.  A federal court may grant relief to a petitioner despite the petitioner's failure to pursue a state remedy which is no longer available at the time of filing a § 2254 petition, but the petitioner must show cause for the procedural default and actual prejudice. 39 C.J.S. *Habeas Corpus* § 39 (2007).  There is no dispute that any additional efforts by King to present his claims to the state courts would be futile at this stage of the proceedings. The issue before the court, however,  is whether King may avoid the procedural bar for failing to raise his claims properly in the state courts by demonstrating "cause and actual prejudice." *Jones v. U. S.*, 153 F.3d 1305, 1307 (11th Cir. 1998).

[14] King alleges that he sent several letters to the Montgomery County Circuit Court clerk and a court reporter from 1997 through 2003, in which he repeatedly requested copies of his transcript.  (Doc. 71-1, p. 4.)

the petitioner's defaults and resulted in actual prejudice.  The Court determined that, "[t]o establish actual prejudice, a petitioner must show 'not merely that the errors at his trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions.'"  *Hollis*, 941 F.2d 1480 (quoting *U.S. v. Frady*, 456 U.S. 152, 166 (1982)).  In *McCoy v. Newsome*, 953 F.2d 1252, 1261 (11th Cir. 1992), the Court addressed whether the lack of transcribed voir dire proceedings established actual prejudice to excuse the petitioner's procedural defaults and generally held that the "mere *possibility* of *actual* prejudice" will not waive the procedural bar.[15]  (Emphasis added.)  Therefore, it follows that, if the possibility of actual prejudice is not enough to excuse a petitioner's procedural default, the possibility of possible prejudice cannot possibly be enough to waive the procedural bar.

Nothing in the record indicates that the lack of a transcript "worked to [King's] actual and substantial disadvantage."  *Hollis*, *supra*  In his Rule 32 petitions, King asserted the following claims: (1) newly discovered facts demonstrate that he should have been charged with assault; (2) his confession was involuntary because he suffered from mental illness and was intoxicated; (3) his conviction was obtained in violation of the privilege against self-incrimination because the State introduced a tape-recorded confession at trial; (5) the State failed to provide notice of its intent to sentence him as a habitual felony offender; and (6) his

---

[15] In *McCoy*, the Court concluded that "any possibility of actual prejudice . . . resulting from the lack of a transcript of the voir dire proceedings is negated by the other overwhelming evidence of [the petitioner's] guilt presented at the trial."  953 F.2d at 1261.  Because a trial transcript is unavailable in King's case, this court makes no determination as to whether the evidence against King was overwhelming.

mental illness prevented him from filing a direct appeal.[16] (Doc. Nos. 65-2 & 71-2.)  There is no showing that King's access to a trial transcript would have substantially benefitted King during or was necessary for the preparation of his state post-conviction petitions and appellate briefs or otherwise affected the outcome of the proceedings.[17]  For instance, it is obvious that King's claim of newly discovered evidence was unrelated to events occurring at trial.  Moreover, King's own pleadings and evidentiary materials clearly demonstrate that he was present during his trial and that he has a vivid recollection of the proceedings.  Thus, King's assertion that he suffered actual prejudice due to the lack of a trial transcript is unavailing.

Secondly, King contends that his procedural defaults should be excused because his trial counsel failed to file a direct appeal.  (Doc. No. 71-1, p. 4.)  As previously discussed, King has procedurally defaulted his claims of ineffective assistance of counsel as he never presented these claims to the state courts.  *Teague*, *supra*; *Bailey, supra*.  Ineffective assistance of counsel will excuse a procedural default only when the ineffective assistance claim itself has been independently and properly raised in the state courts.  *Murray v. Carrier*, 477 U.S. 478, 489 (1986)(recognizing a "general[] require[ment] that a claim of ineffective assistance be presented to the state courts as an independent claim before it may

---

[16] In his state post-conviction petitions, King raises several cumulative claims.  In the interest of brevity, this court has summarized and consolidated King's Rule 32 claims into six distinct issues.

[17] The court notes that, although the record indicates that a court reporter was present during King's trial, there is no showing that a court report transcribed the proceeding into a written transcript or that State officials deliberately withheld a transcript from King at any time.

be used to establish cause for a procedural default"); *Hill v. Jones*, 81 F.3d 1015, 1030 (11th Cir. 1996) (a procedurally defaulted claim of ineffective assistance of counsel cannot serve as cause to excuse the default of a separate claim).  However, King did not properly raise any claim of ineffective assistance of counsel in the state courts.[18]  Thus, King's allegation that counsel failed to file a direct appeal does not constitute cause to excuse his procedural defaults.

In addition, King asserts that his procedural defaults should be excused because the state courts failed to appoint counsel to represent him during his state post-conviction proceedings.[19]  Specifically, he alleges that the state court should have appointed counsel in the Rule 32 proceedings because he suffers from mental retardation, his I.Q. score is 41, and the State of Alabama knew that he was mentally incompetent. (Doc. 71-1, p.4.)  King also argues that several letters written to the Montgomery County Circuit Court clerk and a court reporter from 1997 through 2003, in which he requested copies of his transcripts, support his

---

[18] On April 8, 2005, the state court dismissed King's second Rule 32 petition.  Nonetheless, on April 12, 2005, counsel filed a motion for leave to amend King's Rule 32 petition.  (Doc. No. 65, p. 40 of 57.)  The state court entered an order stating that the motion was filed after the dismissal of the case on April 8, 2005 and gave counsel "until May 11, 2005, to re-file a Motion to Amend which specifically states the grounds for which an amendment is warranted."  (*Id*., pp. 46-47 of 57.)  On May 11, 2005, counsel filed a "second motion for leave to amend Rule 32 petition," which included a claim that trial counsel was ineffective for failing to file a direct appeal.  (Doc. No. 71-1, p. 8;  Doc. No. 71-5, p. 3.)  The state court subsequently denied counsel's second request for leave to amend the petition.  (Doc. No. 71-1, p. 8;  Doc. No. 65, p. 47 of 57.)  Thus, no amendments to King's second post-conviction petition are included in the state courts' records. (Doc. No. 71-1.)  Consequently, King's ineffective-assistance-of-counsel claim was not independently and properly presented to the state courts. *See  Murray*, *supra.*

[19] The court notes that, after King filed his second pro se state post-conviction petition, King was represented by counsel in the state proceeding.

contention that he required legal assistance. (*Id.*)  A petitioner has no right to counsel in state post-conviction petition proceedings.  *See Pennsylvania v. Finley*, 481 U.S. 551, 557 (1987); *Barbour v. Haley*, 471 F.3d 1222 (11th Cir. 2006), *petition for cert. filed,* – U.S.L.W. – (U.S. April 9, 2007)(No. 06-10605). Thus, King's argument that he should not be barred from presenting his claims because he was unrepresented during his state post-conviction proceedings fails to demonstrate sufficient cause for his procedural defaults.

Finally, King argues that his failure to present his claims in his second state post-conviction petition demonstrates cause because the state courts incorrectly determined that his time for filing a notice of appeal had passed.  (Doc. 71-1, p. 7.)  The state courts relied on state procedural rules in determining that King's time for filing a notice of appeal had passed and this court must give deference to the state court's decision.  *See Hill*, *supra*.  Therefore, King's contention does not constitute cause for his procedural defaults.

To the extent that King proclaims his innocence and a resulting miscarriage of justice from a failure to address his claims, his assertion is not persuasive.  The miscarriage of justice standard is directly linked to innocence.  *Schlup v. Delo***,** 513 U.S. at 321.  Innocence is not an independent claim; rather, it is the "gateway" through which a petitioner must pass before a court may consider constitutional claims which are defaulted.  *Id.* at 315.  This exception applies where a petitioner establishes that "a constitutional violation has probably resulted in the conviction of one who is actually innocent."  *Murray v. Carrier*, 477 U.S. 478, 496 (1986); *Schlup v. Delo*, *supra*.  To meet this standard "a petitioner must show that it is

12

more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Schlup v. Delo*, 513 U.S. at 327.

King has failed to make the requisite showing of actual innocence.  He has presented no evidence or facts to this court, nor has he suggested that any exists which could satisfy the standard set forth in *Schlup*.  King's procedurally defaulted claims are, therefore, foreclosed from federal habeas review.

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for habeas corpus relief filed by Clifton Leon King be denied and that this case be dismissed with prejudice.  It is further

ORDERED that on or before May 21, 2007, the parties may file objections to the Recommendation.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v.*

*Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 7th day of May, 2007.


_____/s/Charles S. Coody_____
CHARLES S. COODY
CHIEF UNITED STATES MAGISTRATE JUDGE